UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

                                                **ORDER**
     -against-                                12 CV 776 (DRH)(ETB)

JENNIFER SOSTAK, a/k/a
JENNIFER D. SOSTAK,

                Defendant.
-------------------------------------------------------X

**HURLEY, Senior District Judge:**

      Plaintiff previously moved for notation of default under Fed. R. Civ. P. 55(a), which was entered by the Clerk of Court on April 26, 2012. (Docket No. 7.) Plaintiff now moves before this Court for default judgment pursuant to Fed. R. Civ. P. 55(b). (Docket No. 10.)[1]

      Among the costs sought by plaintiff is $350 for the filing fee. However, a review of the docket reveals that plaintiff did not actually pay the filing fee in this case. Nevertheless, plaintiff asserts in its motion for default judgment that under 28 U.S.C. 2412(a)(2) it is "owed this fee regardless of whether it paid a filing fee in the action." (Docket No. 10-1 at 3 n.1.) This assertion, however, is not an accurate representation of that provision. Under subsection (a)(2), a judgment for costs in favor of the United States in a civil action brought by the United States "*may* include an amount equal to the filing fee," even where the filing fee was not actually paid. 28 U.S.C. §2412(a)(2)(emphasis added). Although plaintiff "may" be entitled to such costs, it has not articulated any reason why the Court should exercise its discretion to make such an award. *See, e.g.*,

---

[1] Plaintiff's initial motion for default judgment (docket no. 9) was denied without prejudice to refile upon a showing that the defendant was not a minor or incompetent. Plaintiff has made the requisite showing in its second motion for default judgment. (*See* docket nos. 10-1 ¶ 14 and 10-3.)

*United States v. Zdenek*, No. 10-CV-5566(JS), 2011 U.S. Dist. LEXIS 147965 (E.D.N.Y. Dec. 22, 2011)(declining to exercise its discretion under 28 U.S.C. §2412(a)(2) to award costs for a filing fee that was never paid to the court); *United States v. Freeman*, No. CV 09-4036, 2010 U.S. Dist. LEXIS 91025 (E.D.N.Y. July 26, 2010)(same). Plaintiff's request for an award of $350 in costs related to the filing fee is therefore denied. Plaintiff's request for costs of $70 in compensation for service of process is granted. Plaintiff does not seek an award of attorney's fees. (Docket No. 10-1 at 3.)

The Clerk of Court shall therefore enter judgment in this case in favor of the United States for the following amount, plus any post-judgment interest pursuant to 28 U.S.C. § 1961.

| | |
|---|---:|
| Principal Balance: | $3,627.85 |
| Total Interest Accrued at 2.36% (through 5/1/12) | 1,814.53 |
| Subtotal | $5,442.38 |
| Per Diem Interest from 5/1/12 to today at $0.23 per day (9 days x $0.23) | 2.07 |
| Service of Process Costs | 70.00 |
| **Total** | **$5,514.45** |

SO ORDERED.

Dated: Central Islip, N.Y.
      May 10, 2012
                                                                    /s
                                            Denis R. Hurley
                                            United States District Judge